[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12333
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

Agency No. A097-205-040


ANDIA DUKA.
ALDI DUKA,
ANNA LENA ANNA DUKA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 17, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Andia Duka and her children, natives and citizens of Albania, seek review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order of removal and denial of Duka's applications for asylum and withholding of removal under the Immigration and Nationality Act (INA) and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231(b)(3), 8 C.F.R. § 208.16(c). In challenging the denial of the above applications, Duka argues (1) substantial evidence does not support the BIA's finding that she was not eligible for asylum or withholding of removal, and (2) the BIA erred by not granting her humanitarian asylum or CAT relief.[1] After review, we dismiss the petition in part and deny the petition in part.[2]

## I.

To establish eligibility for asylum, the applicant must show: (1) past

---

[1] Duka also argues the IJ erred in failing to make a "clean" credibility finding. This is a non-issue as neither the IJ nor the BIA made an adverse credibility finding against Duka, and we assume Duka is credible for the purposes of this appeal.

[2] We review only the BIA's decision, except to the extent it expressly adopts the IJ's opinion. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*) (quotation marks omitted). We may reverse only when the record compels it, and "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.*

2

persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his statutorily listed factor will cause future persecution. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1287 (11th Cir. 2001). Persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1290 (11th Cir. 2006) (quotation omitted). The IJ and the BIA must consider the cumulative effects of the incidents to determine whether an alien has suffered past persecution. *See Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 859-861 (11th Cir. 2007).

The record does not compel the conclusion that Duka established past persecution. Although Duka described an incident where her husband was beaten in 1996 and claimed other members of her extended family were persecuted during the communist regime, she presented no evidence that those acts "concomitantly threaten[ed]" her. *See De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1009 n.7 (11th Cir. 2008). She also claimed that she received telephonic threats from unidentified callers and that she was followed by men she presumed to be from the government because they were wearing suits, but persecution requires "more than a few isolated incidents of verbal harassment or intimidation." *Zheng*, 451 F.3d at

3

1290. Even taken cumulatively, the events described by Duka are insufficient to rise to the level of past persecution.

Because Duka cannot show past persecution, she must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). She must "present specific, detailed facts showing a good reason to fear that . . . she will be *singled out* for persecution on account of [a statutory factor]." *Al Najjar*, 257 F.3d at 1287 (quotation marks omitted).

Although Duka claims individuals from the Communist regime are still looking for her, and she is afraid they will harm her or her children if she returns to Albania, her fear is not objectively reasonable based on the record evidence. The Communists are no longer in power, and there is no indication they have sought retribution against former opponents returning to Albania after having fled abroad. "[O]nly in a rare case does the record compel the conclusion that an applicant for asylum suffered past persecution or has a well-founded fear of future persecution[,]" and Duka's "petition does not present that rare case." *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1239 (11th Cir. 2006).[3]

---

[3] Duka has also failed to meet the higher standard for withholding of removal. *See D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004) (noting an applicant unable to meet the "well-founded fear" standard for asylum is usually unable to qualify for withholding of

We lack jurisdiction to consider whether Duka is eligible for humanitarian asylum or CAT relief because she did not raise these claims before the BIA. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (stating "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned," and noting passing references to an issue are insufficient to prevent abandonment). In any event, Duka fails to demonstrate eligibility for these forms of relief. She did not provide evidence that she suffered "severe harm" and "long-lasting effects" from that harm to qualify for humanitarian asylum. *See Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1199, 1200 (11th Cir. 2009). Additionally, there was no evidence that Duka or her children would be tortured if they returned to Albania.

**PETITION DISMISSED IN PART; PETITION DENIED IN PART.**

---

removal because the standard for withholding removal is more stringent).