[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15865
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2009
THOMAS K. KAHN
CLERK

Agency No. A079-453-010

RITVAN MEHMETI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 25, 2009)

Before DUBINA, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Ritvan Mehmeti, a native and citizen of Albania, through counsel, seeks review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, 1231, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).

In his petition, Mehmeti first argues that the IJ erred in denying his application for asylum based on its finding that he did not have a well-founded fear of persecution because the country conditions in Albania had changed. He argues that the IJ erred in relying solely on reports prepared by the U.S. Department of State in determining that the conditions in Albania had changed. Because he established a well-founded fear of persecution, Mehmeti argues, the IJ also erred in denying his application for withholding of removal. Next, Mehmeti argues that the BIA erred in denying his request for asylum based solely on the severity of his past persecution. Finally, Mehmeti argues that the BIA erred in denying his request for CAT relief, submitting that the BIA failed to show that he would less likely than not be tortured if returned to Albania.

We review only the BIA's decision, except where it expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To the

2

extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well. *Id.* Here, we will review only the BIA's decision because it did not expressly adopt the IJ's decision or its reasoning. *See id.*

We review the BIA's factual determinations under the highly deferential substantial-evidence test and "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1283-84 (internal quotation marks omitted). We can reverse a finding of fact by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). We review the BIA's legal determinations *de novo*. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007).

## I. Denial of Asylum and Withholding of Removal

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the requirements and procedures established for application are met, and the alien meets the INA's definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1)(A). The definition of refugee includes:

3

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving that he qualifies as a refugee. 8 C.F.R. § 208.13(a). In order to meet this burden, "the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007).

Persecution is not defined in the INA, but we have discussed other circuits' holdings that it is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotation marks omitted). In determining whether an alien has suffered past persecution, the BIA considers the cumulative impact of the alleged incidents of persecution. *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861-62 (11th Cir. 2007).

"An applicant who has demonstrated past persecution is presumed to have a well-founded fear of future persecution." *Mejia*, 498 F.3d at 1257; 8 C.F.R. § 208.13(b)(1). The presumption can be rebutted by a showing that "[t]here has

4

been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" or the "applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(i) (A) & (B).

To establish a well-founded fear of future persecution, an alien "need only show that there is a *reasonable possibility* of suffering such persecution if he or she were to return to that country." *Mejia*, 498 F.3d at 1256 (internal quotation marks and alteration omitted). The alien must establish a fear that is both "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." *Id.* "[T]he objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (internal quotation marks omitted). An alien must establish a nexus between a statutorily protected ground and the feared persecution and can do so by presenting "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of" such ground. *Sepulveda*, 401 F.3d at 1231 (internal quotation marks omitted). An alien does not have to prove he would be singled out if he can establish a pattern or practice of persecution of a group of which he is a member. 8 C.F.R. § 208.13(b)(2)(iii). An alien who fails to establish that he has a well-founded fear of persecution

5

necessarily fails to establish eligibility for withholding of removal. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1243 (11th Cir. 2006).

After reviewing the record, we conclude that substantial evidence supports the BIA's determination that changed country conditions in Albania negated the presumption that Mehmeti had a well-founded fear of persecution in Albania, which made him ineligible for asylum or withholding of removal.

## II.    Denial of Humanitarian Asylum

An applicant may qualify for asylum even without establishing a well-founded fear of future persecution if

> (A) The applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution; or
>
> (B) The applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country.

8 C.F.R. § 1208.13(b)(1)(iii).  This provision describes what courts refer to as "humanitarian asylum."  *See Ixtlilco-Morales v. Keisler*, 507 F.3d 651, 656 & n.4 (8th Cir. 2007) (describing asylum granted under 8 C.F.R. § 1208.13(b)(1)(iii)(A) as "humanitarian asylum").  While we have not addressed humanitarian asylum in a published opinion, the Second Circuit has reviewed the denial of such relief under the substantial-evidence standard.  *See Jalloh v. Gonzales*, 498 F.3d 148, 151-52 (2d Cir. 2007).

6

The BIA has interpreted this form of relief to require an applicant first to show "severe harm" and "long-lasting effects." *See In re N-M-A*, 22 I. & N. Dec. 312, 326 (BIA 1998); *see also Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1327 n.4 (11th Cir. 2001) (explaining that an agency's interpretation of its own regulations is entitled to "great deference," and that "[t]he degree of deference is especially great in the field of immigration"). Moreover, as persuasive authority, other circuits that have reviewed applications for humanitarian asylum have concluded that this relief is reserved for the most extraordinary cases. *See Gonahasa v. U.S. I.N.S.*, 181 F.3d 538, 544 (4th Cir.1999) (holding that "[e]ligibility for asylum based on severity of persecution alone is reserved for the most atrocious abuse"); *Bucur v. I.N.S.*, 109 F.3d 399, 405 (7th Cir. 1997) (characterizing humanitarian asylum as being reserved for "extreme cases" such as the German Jews, victims of the Chinese "Cultural Revolution," and survivors of the Cambodian genocide); *Krastev v. I.N.S.*, 292 F.3d 1268, 1280 (10th Cir. 2002) (explaining that past persecution must have been so severe that it would "so sear a person with distressing associations with his native country that it would be inhumane to force him to return there, even though he is in no danger of future persecution" (internal quotation marks omitted)).

The record here demonstrates that substantial evidence supports the BIA's denial of Mehmeti's request for humanitarian asylum because he did not show that his past persecution was sufficiently severe or had long-lasting effects.

## III.  Denial of CAT Relief

To be eligible for relief under CAT, an alien has the burden to show that he will, more likely than not, be tortured if removed to his country of removal. 8 C.F.R. § 208.16(c)(2).  Torture is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).   If an alien cannot establish a well-founded fear of persecution, the alien also cannot establish that it is more likely than not that he will be tortured based on a protected factor.  *Al Najjar*, 257 F.3d at 1303-04; *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

We conclude from the record that substantial evidence supports the BIA's determination that Mehmeti failed to show that he more likely than not would be tortured by, or with the acquiescence of, the Albanian government, if he returned to his country of removal.  Thus, he was not entitled to relief under CAT.

8

Accordingly, we deny Mehmeti's petition for review.

**PETITION DENIED.**