[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 11, 2009
THOMAS K. KAHN
CLERK

No. 09-10057
Non-Argument Calendar

_____

Agency No. A095-535-777

DENIS SKENDAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 11, 2009)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Denis Skendaj, a native and citizen of Albania, through counsel, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a), 1231(b)(3)(A), 8 C.F.R. § 208.16, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). Skendaj argues that (1) the BIA erred in finding that the government rebutted the presumption of his well-founded fear of future persecution by showing changed conditions in Albania, and (2) he suffered from atrocious forms of persecution in Albania so that he is entitled to asylum based on humanitarian or other compelling reasons, even if conditions in the country have changed.

## I.     Withholding of Removal and CAT Claims

Skendaj does not argue on his appeal to this Court that we should grant him withholding of removal or relief under CAT. Instead, he argues that asylum is his preferred form of relief. Although Skendaj, in the conclusion to his brief, requests that we grant him withholding of removal, he does not sufficiently argue this issue in his brief. He also does not request relief under CAT. Therefore, he abandons his petition for withholding of removal and CAT relief. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228–29 n.2 (11th Cir. 2005) (per curiam) (holding that

2

"[w]hen an appellant fails to offer argument on an issue, that issue is abandoned," and that "passing references to issues are insufficient to raise a claim for appeal, and such issues are deemed abandoned" (citation omitted)).

## II.    Changed Country Conditions

Skendaj argues that he established that he was entitled to asylum based upon his political opinion. He contends that the IJ never shifted the burden to the government to rebut the presumed well-founded fear of future persecution. Rather, he contends the IJ relied solely upon the fact that the Democratic Party recently won Albania's national elections to conclude that country conditions had changed. Skendaj relies on various country reports to contend that Albania's conditions have not changed to such an extent as to eviscerate the presumption of a well-founded fear of future persecution. He argues that nothing in the evidence indicates that his persecutors are no longer officers in the State Intelligence Service. Furthermore, Skendaj argues that the IJ erred by taking administrative notice of Albania's changed conditions because these were adjudicative facts to which he had no opportunity to respond.

We review only the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review factual determinations by the BIA "under the substantial

3

evidence test." *Id.* at 1283. Under the highly deferential substantial evidence test, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1284 (quotation and citation omitted). Therefore, to reverse a credibility determination, "we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (citation omitted). The fact that the record could support a contrary conclusion is not sufficient to justify a reversal of the BIA's findings. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) (citation omitted).

To qualify for asylum, an alien must be a "refugee." *See* 8 U.S.C. § 1158(b)(1), INA § 208(b)(1). A "refugee" includes any person who is unable or unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of . . . political opinion . . . ." 8 U.S.C. § 1101(a)(42). The asylum applicant carries the burden of proving statutory "refugee" status. 8 U.S.C. § 1158(b)(1)(B)(i), INA § 208(b)(1)(B)(i); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with credible evidence: (1) past persecution on account of a statutorily-listed factor (such as political opinion), or (2) a well-founded fear that his statutorily-listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b).

4

An applicant who has demonstrated past persecution is presumed to have a well-founded fear of future persecution. 8 C.F.R.§ 208.13(b)(1). To rebut the presumption of future persecution, the government must show by a preponderance of the evidence that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" or that the "applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(i)(A),(B).

The record demonstrates that substantial evidence supports the BIA's determination that changed country conditions in Albania negated the presumption that Skendaj had a well-founded fear of persecution in Albania based upon his past persecution. Skendaj's entire asylum claim focused on the persecution that Skendaj suffered from the Socialist Party because he was a member of the Democratic Party. However, the BIA found that "on September 3, 2005, the Democratic Party and its allies took control of Parliament with 81 of the 140 seats, and following a smooth transition of power the new government was sworn in on September 11, with Democratic Party leader Sali Berisha as the new Prime Minister." A.R. at 3 (citing U.S. Dep't of State, *Albania: Profile of Asylum Claims and Country Conditions* (Mar. 2006)). Because the Democratic Party is now in power, it is unlikely that Skendaj's fellow party members will persecute him. This "fundamental change in circumstances" suggests that Skendaj "no longer has a

5

well-founded fear of persecution."  8 C.F.R. § 208.13(b)(1)(i)(A).  While he argues that his Socialist Party persecutors may still be in power, despite the fact that the Democratic Party won the 2005 election, he fails to support his contention with evidence from the record.

Skendaj fails to provide legal support for his contention that the IJ erred by not shifting the burden to the government to rebut Skendaj's presumption of a well-founded fear of future persecution.  An IJ may find that a petitioner's presumption of a well-founded fear of future persecution has been rebutted by a change in country conditions.  8 C.F.R. § 208.13(b)(1)(i)(A).  The law does not explicitly state that an IJ must express that he has shifted the burden to the government, nor does it state that an IJ may not independently find that a petitioner's well-founded fear of future persecution has been rebutted.  *See* 8 C.F.R. § 208.13(b)(1)(i) (giving discretion to an IJ to deny an application if changed conditions are "found by a preponderance of the evidence").  Here, the IJ considered the country report that was admitted into evidence, and found that it rebutted Skendaj's presumption of well-founded fear of persecution.  Because an IJ may make such a finding, the IJ did not err.

Skendaj argues that the BIA erred by taking administrative notice of Albania's country report.  However, the BIA is entitled to "rely heavily" on the State Department's country reports because the "State Department is the most

6

appropriate and perhaps the best resource the [BIA] could look to in order to obtain information on political situations in foreign nations." *Reyes-Sanchez v. U. S. Att'y Gen.*, 369 F.3d 1239, 1243 (11th Cir. 2004) (quotation and citation omitted); *see also Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1199, 1200 (per curiam) (finding that substantial evidence supported the BIA's conclusion that conditions had changed in Albania, even though the IJ solely relied on State Department reports); *Bregu v. U.S. Att'y Gen.*, 11th Cir. 2009, __ F.3d __, at *2 (No. 08-13136, January 8, 2009) (finding substantial evidence supported changed conditions in Albania). Thus, the BIA did not err by considering the country report to determine that Albania's country conditions had changed. In sum, substantial evidence supports the BIA's determination that changed country conditions rebutted Skendaj's presumption of well-founded fear of persecution.

### III.    Humanitarian Asylum

Skendaj argues that the IJ and BIA erred by failing to grant "humanitarian asylum." Even if a petitioner does not establish a well-founded fear of future persecution, the IJ may grant an applicant humanitarian asylum on a discretionary basis if the applicant demonstrates "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution." 8 C.F.R. § 208.13(b)(1)(iii)(A); *see also Mehmeti*, 572 F.3d at 1200. Skendaj

concludes that, even if we hold that Albania's conditions have sufficiently changed to negate the well-founded fear of future persecution, we should remand for an evidentiary hearing to determine whether he had compelling circumstances.

However, Skendaj only quoted the standard for humanitarian relief stated above in his appeal to the BIA and did not go on to discuss it further. *See* A.R. at 13 (quoting 8 C.F.R. § 208.13(b)(1)(iii)(A)). Instead, his appeal to the BIA only centered on whether he had established a well-founded fear of future persecution. Furthermore, his request for humanitarian relief was not raised at all to the IJ.

We cannot review Skendaj's claim that he should receive asylum based on humanitarian or other compelling reasons because this claim was not raised before the IJ or the BIA and, therefore, is unexhausted. We lack jurisdiction to consider claims raised in a petition for review where the petitioner did not exhaust his administrative remedies. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam) (holding that we lack jurisdiction to consider claims that have not been raised before the BIA). Therefore, we dismiss this claim.

Upon review of the record and consideration of the parties' briefs, we deny Skendaj's petition, in part, and dismiss his petition, in part.

**PETITION DENIED in part, DISMISSED in part.**