[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13485
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2010
JOHN LEY
CLERK

Agency No. A079-516-484

AGRON NEZIRI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 28, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Agron Neziri, an ethnic Albanian who is a native and citizen of Macedonia, petitions for review of a decision by the Board of Immigration Appeals that affirmed an Immigration Judge's denial of his application for asylum, 8 U.S.C. §§ 1158, 1231; withholding of removal, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture.[1]  He contends that the Board erred in finding that he failed to demonstrate either past persecution or a well-founded fear of future persecution.

I.

"When the BIA issues a decision, we review the BIA's decision, except to the extent that the BIA expressly adopted the IJ's decision."  Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1215 (11th Cir. 2007) (internal quotation marks omitted). "To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well."  Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009). Because the Board adopted the Immigration Judge's reasoning, we will review both decisions.  "We review de novo the conclusions of law by the Board and Immigration Judge, but we review findings of fact for substantial evidence to support them."  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350–51 (11th

---

[1]Neziri did not challenge the denial of his request for withholding of removal and CAT relief before the BIA and does not challenge them before us.  Those claims are abandoned.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that an appellant's failure to offer argument on an issue constitutes abandonment of that issue).

Cir. 2009).

"Our review for substantial evidence is highly deferential." Id. at 1351. We view the evidence in the record "in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. We may not "re-weigh the evidence from scratch" and must affirm the agency's decision if "it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation marks and alterations omitted). "Under this highly deferential standard of review, the [agency's] decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise." Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1289–90 (11th Cir. 2006) (internal quotation marks omitted). "The mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Kazemzadeh, 577 F.3d at 1351.

The Attorney General or Secretary of Homeland Security has discretion to grant asylum to any alien determined to be a "refugee," as defined in 8 U.S.C. § 1101(a)(42)(A). See 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

3

8 U.S.C. § 1101(a)(42)(A). The burden of proof is on the applicant to establish that [he] is a refugee." Kazemzadeh, 577 F.3d at 1351 (internal quotation marks omitted). An applicant establishes asylum based on past persecution by proving "(1) that [he] was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. United States Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). An applicant who establishes past persecution is presumed to have a well-founded fear of future persecution. See Kazemzadeh, 577 F.3d at 1351. "That presumption may be rebutted if an asylum officer or immigration judge makes either of two findings: (1) that '[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution'; or (2) '[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so.' " Id. at 1351–52 (quoting 8 C.F.R. § 1208.13(b)(1)(i)(A) & (B)). The government has the burden of proving, by a preponderance of the evidence, either changed circumstances or the ability to avoid persecution by relocating. See id. at 1352.

"If an applicant fails to demonstrate past persecution, an applicant may still establish asylum based upon proof of a well-founded fear of future persecution." De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1007 (11th Cir. 2008). The applicant must show "(1) a subjectively genuine and objectively reasonable fear of

persecution that is (2) on account of a protected ground." Id. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely feared persecution." Mehmeti, 572 F.3d at 1200. The objective component is satisfied either by showing past persecution or that the applicant has a good reason to fear future persecution. See id. The applicant must establish a nexus between the statutorily protected ground and the feared persecution. Id. The applicant can do this by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the protected ground. Id. (internal quotation marks omitted). However, the applicant does not have to prove that he would be singled out if he can show a pattern or practice of persecution of a group of which he is a member. Id.

## II.

Neziri contends that the Board erred in concluding that he failed to demonstrate past persecution based on his race and membership in the Democratic Party. We do not need to decide that issue because the record supports the Board's determination that due to changed country conditions Neziri did not have an objectively reasonable well-founded fear of future persecution. The 2007 Country Report indicated that "[i]ndividuals could criticize the government publicly or privately without reprisal, and the government did not attempt to impede criticism." The report also stated that "[r]elations between the ethnic Macedonian

5

majority and the ethnic Albanian population continues to decrease" and that ethnic Albanians made up 17 percent of Macedonia's police force. Although Neziri contends that the Immigration Judge erred in relying exclusively on the 2007 Country Report to conclude that country conditions in Macedonia had changed, his reliance on that report was proper. See Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1175 (11th Cir. 2008) (noting that the BIA may rely heavily on country reports because the State Department is the most appropriate resource on foreign nations' political conditions). In any event, the substantial evidence test precludes us from reweighing from scratch the importance attributed to a particular report. See id. Accordingly, we deny his petition.

**PETITION DENIED.**