[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13632
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2010
JOHN LEY
CLERK

Agency No. A095-027-428

JUAN MERCEDES CRUZ,
a.k.a. Juan Mercedes Cruz Villanueva,

                                                          Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 6, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Juan Mercedes Cruz, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals that affirmed an Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Cruz contends that the Immigration Judge and Board erred in concluding that he was not credible. He argues that his testimony, when considered along with the evidence in the record, establishes that he is entitled to withholding of removal and CAT relief.[1]

I.

"When the BIA issues a decision, we review the BIA's decision, except to the extent that the BIA has expressly adopted the IJ's decision." Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1215 (11th Cir. 2007) (internal quotation marks omitted). "To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009). Because the BIA adopted the IJ's reasoning concerning the adverse credibility finding, we will review both decisions. "Credibility determinations are reviewed under the substantial evidence test, and we will not overturn them unless

---

[1]The BIA and the IJ denied Cruz's claim for asylum because his application was untimely and he failed to satisfy the requirements for any exception to the one-year filing deadline. We lack jurisdiction to review those findings. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) ("[S]ection 1158(a)(3) divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing.").

the record compels it." Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1049 n.6 (11th Cir. 2009). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (quotation marks and citations omitted). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006).

The BIA and IJ gave specific, cogent reasons for finding Cruz not credible and for concluding that he was ineligible for withholding of removal. In support of the adverse credibility finding, the BIA and the IJ pointed to material omissions and inconsistencies in Cruz's hearing testimony and asylum application. In his application, Cruz alleged that MS-13 gang members attacked him in October 1996 and February 1997 because of his sexual orientation. However, at his hearing Cruz testified on direct examination that he did not know the identity of his attackers and had never seen them before. Only after the IJ pointed out the inconsistency did Cruz testify that his attackers were MS-gang members and that he feared they would attack him because of his sexual orientation if he returned to El Salvador. The BIA and IJ also pointed to inconsistencies in Cruz's hearing testimony. Cruz's testimony that he feared being attacked by MS-13 gang members because of his

3

sexual orientation was inconsistent with his testimony that he only feared gangs because he believed that they would steal from him and attempt to recruit him if he returned to El Salvador.

Cruz contends that he should not have been discredited because Dr. Henriquez's letter corroborated his testimony. See Forgue, 401 F.3d at 1287 (stating that "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant"). In his brief, he argues that Dr. Henriquez's letter is the "single most important piece of evidence in this case" and compels reversal. The letter, which was dated July 5, 2007, stated that Cruz was an emergency room patient on October 18, 1996 "for having received multiple injuries by, according to him, a group of men who showed contempt because of his sexual preference." The letter also stated that Cruz was hospitalized for five days in February 1997 after "the same act was repeated." We disagree with Cruz that Dr. Henriquez's letter compels reversal. It was dated over ten years after the attacks and did not identify Cruz's attackers. The letter's assertion that "according to [Cruz]" the attacks were performed by "a group of men who showed contempt because of his sexual preference" does not compel a conclusion that Cruz was credible.

The BIA and IJ's adverse credibility finding is supported by substantial evidence and thus Cruz is not entitled to withholding of removal. Because he has

4

failed to show that it is "more likely than not" that he will be tortured upon his return to El Salvador, Cruz is also not entitled to CAT relief. See <u>D-Muhumed v. U.S Att'y Gen.</u>, 388 F.3d 814, 819 (11th Cir. 2004). Accordingly, we deny his petition.

**PETITION DENIED.**