[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12706
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

Agency Nos. A079-474-804,
A079-474-951

GAC GJOKA,
VERA GJOKA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 3, 2010)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Gac Gjoka, a native and citizen of Albania, petitions for review of a decision

by the Board of Immigration Appeals that affirmed an Immigration Judge's denial of his application for asylum, 8 U.S.C. § 1158(a)(1); withholding of removal, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture. Gjoka contends that the Board erred in finding that he failed to establish past persecution and that, even if he had, evidence in the record rebutted a well-founded fear of future persecution.[1]

## I.

"When the BIA issues a decision, we review the BIA's decision, except to the extent that the BIA has expressly adopted the IJ's decision." Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1215 (11th Cir. 2007) (internal quotation marks omitted). "To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009). Because the Board adopted the Immigration Judge's reasoning, we will review both decisions. "We review de novo the conclusions of law by the Board and Immigration Judge, but we review findings of fact for substantial evidence to support them." Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350–51 (11th Cir. 2009).

---

[1] Gjoka did not challenge the denial of his request for CAT relief before the BIA and does not challenge it before us. That claim is abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that an appellant's failure to offer argument on an issue constitutes abandonment of that issue).

"Our review for substantial evidence is highly deferential." Id. at 1351. We view the evidence in the record "in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. We may not "re-weigh the evidence from scratch" and must affirm the agency's decision if "it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation marks and alterations omitted). "Under this highly deferential standard of review, the [agency's] decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise." Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1289–90 (11th Cir. 2006) (internal quotation marks omitted). "The mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Kazemzadeh, 577 F.3d at 1351.

The Attorney General or Secretary of Homeland Security has discretion to grant asylum to any alien determined to be a "refugee," as defined in 8 U.S.C. § 1101(a)(42)(A). See 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

3

8 U.S.C. § 1101(a)(42)(A).   The burden of proof is on the applicant to establish that [he] is a refugee." Kazemzadeh, 577 F.3d at 1351 (internal quotation marks omitted).  An applicant establishes asylum based on past persecution by proving "(1) that [he] was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. United States Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006).  An applicant who establishes past persecution is presumed to have a well-founded fear of future persecution.  See Kazemzadeh, 577 F.3d at 1351. "That presumption may be rebutted if an asylum officer or immigration judge makes either of two findings: (1) that '[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution'; or (2) '[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so.' " Id. at 1351–52 (quoting 8 C.F.R. § 1208.13(b)(1)(i)(A) & (B)).  The government has the burden of proving, by a preponderance of the evidence, either changed circumstances or the ability to avoid persecution by relocating.  See id. at 1352.

An alien is entitled to withholding of removal if he can demonstrate that it is more likely than not that his "life or freedom would be threatened in [the proposed country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A); 8

4

C.F.R. § 1208.16(b). "Where an applicant is unable to meet the 'well-founded fear' standard of asylum, he is generally precluded from qualifying for either asylum or withholding of [removal]." Kazemzadeh, 577 F.3d at 1352 (internal quotation marks omitted).

II.

Gjoka contends that the Board erred in concluding that he failed to demonstrate past persecution based on his membership in the Democratic Party. We do not need to decide that issue because the record supports the Board's determination that changed country conditions negate any presumption that Gjoka had a well-founded fear of future persecution. The 2006 Country Report indicated that the Democratic Party took control of Parliament in 2005 and that Albania's Prime Minister is a member of that party. The report also stated that "there were no reports of politically motivated disappearances" and "no reports that the government or its agents committed arbitrary or unlawful killings." The 2006 Country Profile indicated that "there have been no outbreaks of political violence [in Albania] since 1998, and the available evidence suggests that neither the Government nor the major political parties engage in policies of abuse or coercion against their political opponents." Although Grjoka contends otherwise, the Immigration Judge's reliance on those reports was proper. See Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1175 (11th Cir. 2008) (noting that the BIA may rely

5

heavily on country reports because the State Department is the most appropriate resource on foreign nations' political conditions); see also Mehmeti, 572 F.3d at 1200 (concluding that substantial evidence supported the BIA's determination that changed country conditions in Albania negated the presumption that the applicant had a well-founded fear of future persecution based on his membership in the Democratic Party). Because Gjoka cannot meet the "well-founded fear" standard for asylum, he also cannot satisfy the standard for withholding of removal. See Kazemzadeh, 577 F.3d at 1352. Accordingly, we deny his petition.

**PETITION DENIED.**