[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2011
JOHN LEY
CLERK

No. 10-13058
Non-Argument Calendar

_____

Agency No. A087-387-836

DORINDA LEISES VILLAR DE MALAVE,
KARLA MARIELA MALAVE LEISES,
CARLOS ALEJANDRO MALAVE LEISES,
JUAN CARLOS MALAVE ALVAREZ DE LUGO,

                                                              Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 27, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Dorinda Leises Villar de Malave ("Leises") and her two children, derivatively, petition for review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231(b)(3)(A); 8 C.F.R. § 208.16(c). Leises argues that: (1) her experiences in Venezuela, taken cumulatively, constituted past persecution and occurred on account of a protected ground, and (2) she has a well-founded fear of future persecution. After thorough review, we grant the petition for review, vacate the agency's decision, and remand for further proceedings.

We review only the BIA's decision as the final judgment, but where the BIA agrees with the IJ about an issue, we review the decisions of both the IJ and the BIA regarding that issue. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009). Here, the BIA agreed with the IJ's finding that Leises failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. Specifically, the BIA agreed with the IJ that Leises's experiences in Venezuela did not rise to the level of persecution. Therefore, we review both the BIA's and the IJ's findings with respect to these issues. See id.

2

We review the IJ's and the BIA's factual determinations under the highly deferential substantial-evidence test and will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1350-51 (quotations omitted). Under the substantial-evidence test, we may reverse a finding of fact "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We review the IJ's and the BIA's legal conclusions de novo. Kazemzadeh, 577 F.3d at 1350.

An alien may receive asylum in the United States if she is a "refugee" within the meaning of the Immigration and Nationality Act ("INA"). Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). The INA defines a refugee as a person who cannot return to his home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Thus, to be eligible for asylum, an alien must establish, with credible evidence, either past persecution or a well-founded fear of future persecution, both on account of a protected ground. Sepulveda, 401 F.3d at 1230-31. "[A] showing of past persecution

3

creates a rebuttable presumption of a well-founded fear of future persecution." De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1007 (11th Cir. 2008).

An alien need not establish past persecution to qualify for asylum based on a "well-founded fear" of future persecution. Kazemzadeh, 577 F.3d at 1352. To establish such independent well-founded fear, an alien needs to show "a reasonable possibility" of suffering persecution upon return to her home country. Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1200 (11th Cir. 2009).

To qualify for withholding of removal under the INA, an alien must establish that, if returned to her country, the alien's life or freedom would be threatened on account of a protected ground, namely, race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). The standard for establishing a claim for withholding of removal is substantially the same as for asylum, except that an alien cannot qualify for such relief without a presumption or a showing of a well-founded fear of future persecution, and, if the alien fails to establish past persecution, she must demonstrate a "more likely than not" probability of future persecution rather than the "reasonable possibility" required for asylum. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006); 8 C.F.R. § 208.16(b). Consequently, an alien generally cannot qualify for withholding of removal if she is

4

unable to meet the lower standard of proof for asylum. Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

We define persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231 (quotations omitted). To illustrate, we have held that menacing phone calls and threats to an alien, coupled with a bombing at the restaurant where she worked, did not compel a finding of persecution. Id. We have also rejected a claim of persecution where an alien, in addition to receiving threats, was detained at a police station for 36 hours and was kicked and beaten with a belt, suffering multiple scratches and bruises. Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1171, 1175 (11th Cir. 2008); see also Kazemzadeh, 577 F.3d at 1353 (concluding that no persecution existed where the petitioner was arrested for participating in a student demonstration, interrogated and beaten for five hours, detained for four days, and monitored by authorities after his release).

On the other hand, persecution may well exist where an alien has suffered a direct threat to her life, even absent physical harm. Specifically, we have found persecution where the alien was shot at while driving. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1233-34 (11th Cir. 2007). In Sanchez Jimenez, the alien received numerous intensifying death threats from the Revolutionary Armed Forces

of Colombia ("FARC"), and several FARC members attempted to kidnap his daughter. Id. at 1228-29. The alien's only physical altercation with the FARC occurred when two armed men on motorcycles followed the alien on his way home and fired on his car, leaving several bullet holes. Id. at 1229. The alien managed to evade the attackers and suffered no harm. Id. In reversing the IJ's finding of no persecution, we stated: "We have no difficulty concluding that intentionally being shot at in a moving car multiple times by two armed men on motorcycles qualifies as 'extreme' under any definition. Put simply, attempted murder is persecution." Id. at 1233. We also observed that a lack of physical harm "does not undermine the basic conclusion that being shot at while driving is sufficiently 'extreme' to constitute persecution." Id.

The BIA and the IJ need not "address specifically each claim the petitioner made or each piece of evidence the petitioner presented, but they must consider the issues raised and announce their decision in terms sufficient to enable a reviewing court to perceive that they have heard and thought and not merely reacted." Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010) (quotations and alterations omitted). Where the BIA or the IJ has failed to give "reasoned consideration or make adequate findings," we remand for further proceedings because we are "unable to review the decision." Id. (quotation omitted).

6

In this case, substantial evidence does not support the IJ's and the BIA's conclusion that Leises's experiences did not rise to the level of persecution. See Sanchez Jimenez, 492 F.3d at 1233-34. In addition to other threatening incidents -- including threatening phone calls and a beating -- Leises experienced a direct attempt on her life when two individuals on a motorcycle fired on her as she drove to work. In fact, one of the bullets hit the driver's door. Despite any factual differences between this case and Sanchez Jimenez, there we focused largely on the fact that the attackers fired bullets at the alien, putting his life in immediate danger, and this case involves an almost identical scenario. Id. at 1233-34. Like in Sanchez Jimenez, Leises experienced more than just verbal harassment or intimidation, and although she did not suffer serious physical harm during any of the incidents, a lack of physical harm does not prevent a finding of persecution in a case such as this one. See id. at 1234. Accordingly, Leises suffered past persecution when men on a motorcycle shot at her, and "[t]he motorcyclists' poor marksmanship does not undermine this conclusion." Id. at 1234.[1]

---

[1] The most relevant case the BIA cited in support of its finding of a lack of persecution was Sepulveda, 401 F.3d at 1231, as described above. However, Sanchez Jimenez specifically distinguished Sepulveda on the ground that in Sepulveda, "the evidence did not compel the conclusion that the bomb was 'directed at'" the alien, and "there appears to have been no evidence of the reason for the bombing," while in Sanchez Jimenez, evidence compelled the conclusion that the shooting was directed at the alien. Sanchez Jimenez, 492 F.3d at 1234 n.10; see Sepulveda, 401 F.3d at 1231. Here, regardless of whether other incidents were directed at Leises or her family, no one contests that the car shooting was directed at Leises, especially given

Moreover, the IJ and the BIA did not adequately address whether Leises's past persecution occurred on account of a protected ground. As the record shows, the BIA appeared to agree with the IJ that Leises failed to establish persecution "on account of political opinion or imputed political opinion," but the IJ made no finding as to whether the 2008 threatening phone calls, the beating, and the car shooting occurred on account of a protected ground; he only found, in relevant part, that Leises failed to establish past persecution. See Ayala, 605 F.3d at 949 ("We cannot meaningfully review the ruling of the Board when it relies entirely on a ruling that the immigration judge did not make."). Nor is it clear whether the IJ gave any consideration to relevant parts of Leises's testimony (found credible by the IJ) and her asylum application, which indicate that incidents from 2007 occurred because of Leises's and her husband's participation in political activities. See id. at 949-50 (concluding that the BIA failed to provide a reasoned explanation for finding no nexus to a protected ground where the BIA reasoned that "insufficient evidence" of such a nexus existed, but where neither the BIA nor the IJ acknowledged relevant testimony or reconciled that testimony with their findings).

---

that her car was the only one hit among the many surrounding cars, and the shooters wore the same red berets as individuals who physically beat her at a shopping mall. Accordingly, Sepulveda does not undermine Leises's claims. See Sanchez Jimenez, 492 F.3d at 1234 n.10.

Furthermore, the BIA and the IJ made insufficient findings as to whether the government has rebutted the presumption of a well-founded fear of future persecution, or whether Leises has established an independent well-founded fear of persecution. As the record shows, the BIA agreed with the IJ that Leises failed to establish a well-founded fear of future persecution. In addressing Leises's claims of future persecution, the IJ stated: "There is not enough there to rise to the level of past persecution, so she would not have a presumption of a well-founded fear of future persecution. Without the presumption, the respondent would not be eligible for asylum or withholding of removal or protection under [CAT]." However, the law is clear that an alien may "establish a well-founded fear of persecution without proving past persecution." Kazemzadeh, 577 F.3d at 1352. In analyzing Leises's claims, the IJ either failed to address this independent fear of persecution, or he erroneously applied the law by stating that future persecution may only be established through a showing of past persecution. Because we cannot meaningfully review these issues, we remand this case for further proceedings. See Ayala, 605 F.3d at 948.

**PETITION GRANTED; VACATED and REMANDED.**