[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 15, 2011
JOHN LEY
CLERK

No. 11-10197
Non-Argument Calendar

_____

Agency No. A088-372-155


YING JIANG,
RENWU ZHENG,
a.k.a. Ren Zheng,

                                                            Petitioners,

     versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 15, 2011)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ying Jiang, the lead petitioner, and her husband, Renwu Zheng (collectively, "Petitioners"), jointly petition for review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum pursuant to the Immigration and Nationality Act ("INA") § 208, 8 U.S.C. § 1158, withholding of removal under the INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).  Petitioners argue the BIA erred by reviewing their well-founded fear of persecution *de novo* and by reweighing the record evidence.  They also argue they established their eligibility for asylum, withholding of removal, and CAT relief based upon a well-founded fear of persecution under China's family planning policy.

## I.

"We review questions of law *de novo*, with appropriate deference to the BIA's reasonable interpretation of the [INA]."  *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1326 (11th Cir. 2003) (citation omitted).  We defer to the agency's "interpretation of its own regulations unless that interpretation is plainly erroneous or inconsistent with the regulation."  *Id.* (internal quotation marks omitted).

The BIA may not "engage in *de novo* review of findings of fact determined by an immigration judge," but may review an immigration judge's factual determinations only to assess whether those determinations were clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i). Furthermore, except for taking administrative notice of commonly known facts, the BIA is not permitted to engage in factfinding in the course of deciding appeals. *Id.* at § 1003.1(d)(3)(iv). But the BIA "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*." *Id.* at § 1003.1(d)(3)(ii). Under its precedent, the BIA reviews *de novo* whether the facts establish a well-founded fear of future persecution. *See Matter of A-S-B-*, 24 I. & N. Dec. 493, 496–98 (BIA 2008), *abrogated on other grounds by Huang v. U.S. Att'y Gen.*, 620 F.3d 372 (3d Cir. 2010). As such, the BIA "is entitled to weigh the evidence in a manner different from that accorded by the Immigration Judge, or to conclude that the foundation for the Immigration Judge's legal conclusions was insufficient or otherwise not supported by the evidence of record." *Id.* at 497.

Here, the BIA did not apply the wrong standard of review, nor did it err by reviewing *de novo* the IJ's finding that Petitioners failed to establish a well-founded fear of future persecution. *See id.* at 496–98. Whether an alien has established a well-founded fear does not involve a simple factual determination;

rather, it involves the application of the law to the facts. Therefore, the BIA's interpretation of its own regulation, in this regard, is neither plain error, nor inconsistent with the regulations.

Moreover, the record shows the BIA did not engage in *de novo* factfinding; rather, it properly considered *de novo* whether the facts in the record amounted to an objectively well-founded fear of future persecution. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Matter of A-S-B-*, 24 I. & N. Dec. at 496–98. The BIA was also entitled to reweigh the evidence, to the extent it did so, in concluding that Petitioners' evidence was insufficient to establish an objectively well-founded fear of future persecution. *See Matter of A-S-B-*, 24 I. & N. Dec. at 497.

## II.

Having determined that the BIA's method of analysis was appropriate, we now turn to its conclusions. Because the BIA issued a decision and did not expressly adopt the IJ's opinion, we review only the BIA's decision. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's interpretation of applicable statutes *de novo* and its findings of fact for substantial evidence. *Id.* at 1283–84. Under the substantial evidence standard, we must affirm the BIA's decision if it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Id.* at 1284 (quoting

4

*Lorisme v. INS*, 129 F.3d 1441, 1444–45 (11th Cir. 1997)). "When reviewing for substantial evidence, we do not ask whether the evidence presented by an applicant might support a claim for relief; instead, we ask whether the record *compels* us to reverse the finding to the contrary." *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1175 (11th Cir. 2008) (emphasis added).

An applicant may prove a well-founded fear of future persecution, and thereby qualify for asylum, by demonstrating a subjectively genuine and objectively reasonable fear of persecution on account of a protected ground. *See Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1199–1200 (11th Cir. 2009) (per curiam). Asylum claims based on China's one-child policy must be evaluated on a case-by-case basis. *In re J-H-S-*, 24 I. & N. Dec. 196, 198, 201 (BIA 2007). To demonstrate an objectively reasonable fear, the alien must establish: (1) "the details of the family planning policy relevant to [the alien]"; (2) "the alien violated the policy"; and (3) "the violation of the family planning policy would be punished in the local area in a way that would give rise to an objective fear of future persecution." *Id.* at 198–99. Fines may amount to persecution if they cause a "severe economic disadvantage." *In re T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007). To meet the severe economic disadvantage standard, the fine should reduce the alien "to an impoverished existence." *See id.* at 174.

Based on our review of the evidence, we cannot say the BIA's determination was not supported by substantial evidence, nor can we say the record *compels* the contrary finding. The record (1) contains little, if any, evidence from similarly situated individuals that would support a finding of an objectively reasonable fear of persecution; (2) includes evidence indicating that forced sterilizations were not common in Fujian Province; and (3) suggests that Petitioners' children, who are United States citizens, may not be counted for birth planning purposes upon their return to China. Additionally, even assuming Petitioners would be subjected to a fine, they failed to prove such a fine would cause "severe economic disadvantage" and reduce their family "to an impoverished existence." *See In re T-Z-*, 24 I. & N. Dec. at 173–74. The foregoing does not compel a finding that the BIA's decision was unsupported by the record.

Though we sympathize with Petitioners and do not doubt their subjective fears, this record does not compel us to find those fears of persecution are objectively reasonable. Consequently, we must deny their petition for review.[1]

**PETITION DENIED.**

---

[1] Because Petitioners have not demonstrated an objectively reasonable fear of persecution, they have failed to establish their eligibility for asylum. *See Mehmeti*, 572 F.3d at 1199–1200. And by extension, they have failed to satisfy the more stringent burdens for withholding of removal and CAT relief. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005) (noting that a failure to establish eligibility for asylum on the merits necessarily entails ineligibility for withholding of removal and CAT relief).