[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13035
Non-Argument Calendar
_____

Agency No. A088-685-281

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2012
JOHN LEY
CLERK

CARLOS ALBERTO GONZALEZ LOPEZ,
LAURA SOFIA GONZALEZ BENAVIDES,
SANTIAGO ANDRES GONZALEZ BENAVIDES,

                                                          Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 17, 2012)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Alberto Gonzalez Lopez ("Lopez") seeks review of the Board of

Immigration Appeals's ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA").  Lopez, a native and citizen of Colombia, claimed he was persecuted by the Revolutionary Armed Forces of Colombia ("FARC") because of his activities conducting workshops for the poor.  After review, we deny Lopez's petition for review.[1]

## I.  DISCUSSION

To establish eligibility for asylum, an applicant must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.  INA § 101(a)(42), 8 U.S.C. § 1101(a)(42)(A); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005); 8 C.F.R. § 208.13(a), (b).  Similarly, to show eligibility for withholding of removal under the INA, an applicant must show that it is more likely than not that he has been or will be persecuted on account of one of the five protected grounds.  INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); Sepulveda, 401 F.3d at 1232.  Because this standard is more stringent that the standard for

---

[1]Lopez's minor children, Laura and Santiago Gonzalez, were included on Lopez's application as derivative beneficiaries.  While our opinion refers to Lopez, our holding as to his asylum claim applies equally to his children.  In contrast, "there are no derivative benefits associated with a grant of withholding of removal," Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007), and thus we deny his children's withholding of removal claim on that basis.

asylum, an alien who fails to establish asylum eligibility generally cannot satisfy the higher burden for withholding of removal. Sepulveda, 401 F.3d at 1232-33.

Although the INA does not define persecution, this Court has recognized that it is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Id. at 1231 (quotation marks omitted). Accordingly, this Court has concluded that threats in conjunction with brief detentions or a minor physical attack that does not result in serious physical injury do not rise to the level of persecution. See, e.g., Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1352-53 (11th Cir. 2009) (arrest, interrogation, five-hour beating, four-day detention, and monitoring by authorities after release); Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1171-72, 1174 (11th Cir. 2008) (36-hour detention, beating and threat of arrest); Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290-91 (11th Cir. 2006) (five-day detention).

## II. LOPEZ'S PETITION

As to Lopez's petition, the BIA did not adopt the IJ's decision, and thus we review only the BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) ("We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion."). We review the factual determination that an alien is statutorily ineligible for asylum under the "highly deferential" substantial

3

evidence test, which requires that we affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1283-84 (quotation marks omitted). Therefore, we reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009).

Here, we cannot say the evidence compels a conclusion that Lopez suffered past persecution.[2] According to Lopez, in March and April 2006, while conducting monthly workshops in a rural area, Lopez had face-to-face encounters with members of the FARC. Each time, Lopez was told to stop conducting his workshops. In late April 2006, after conducting another workshop, Lopez found graffiti on his car and the letters "FARC." In May 2006, Lopez received his first of eight threatening phone calls. In June 2006, the FARC stopped a truck in which Lopez was riding. A FARC leader asked Lopez if his message had been clear or if Lopez wanted to face the consequences of his actions. Lopez was then allowed to leave unharmed.

---

[2]Lopez alternatively argues that the IJ erred in concluding that Lopez failed to show a nexus between the FARC's mistreatment and his imputed political opinion. However, the BIA's decision did not reach this issue, and our review is limited to the BIA's decision. Thus, we do not address Lopez's nexus argument.

4

In October 2006, the FARC again stopped Lopez's vehicle. This time, one of the FARC members beat Lopez. Afterward, Lopez went to a nearby clinic for first aid. A medical record showed that Lopez sustained a light facial trauma. Lopez did not have any broken bones, was discharged after two hours and did not seek any other medical treatment.

In December 2006, the mother of Lopez's children received a phone call threatening Lopez's life. In January 2007, she received an envelope containing a photograph of Lopez's daughter. On the back, a message warned Lopez he needed to get out of the way if he wanted to continue seeing his daughter.

The harm Lopez alleged—threats, two brief roadside detentions and one altercation that did not result in serious injury—fall short of the extreme mistreatment found in other cases where this Court was compelled to conclude that the petitioner was persecuted. See, e.g., De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1008-10 (11th Cir. 2008) (involving repeated death threats, torture and murder of petitioner's groundskeeper, assault resulting in hospitalization, kidnapping and beating with guns resulting in hospitalization); Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1215-17 (11th Cir. 2007) (involving threats, numerous interrogations and beatings during a 15-day detention that resulted in two-month hospitalization, and two subsequent physical attacks after petitioner fled to

Argentina); <u>Mejia v. U.S. Att'y Gen.</u>, 498 F.3d 1253, 1257-58 (11th Cir. 2007) (involving written threats and "condolence" letter, assault with a rock and detention at gunpoint, during which petitioner was thrown to the ground and hit with a gun, breaking his nose and requiring surgery); <u>Sanchez Jimenez v. U.S. Att'y Gen.</u>, 492 F.3d 1223, 1233 (11th Cir. 2007) (involving attempted murder of petitioner, attempted kidnapping of his daughter and death threats).[3]

Accordingly, substantial evidence supports the BIA's determination that Lopez did not demonstrate statutory eligibility for asylum or withholding of removal.[4]

**PETITION DENIED.**

---

[3]Because we conclude that substantial evidence supports the BIA's determination that the incidents Lopez suffered did not constitute persecution, we do not address the BIA's alternative ruling that Lopez failed to present sufficient corroborative evidence to support his persecution claim. Although Lopez's application also alleged that he had a well-founded fear of future persecution, his brief in this Court makes only passing references to future persecution and does not offer any substantive argument as to whether the denial of his future persecution claim was error. Accordingly, we have addressed only the denial of Lopez's past persecution claim. <u>See</u> <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that when a petitioner fails to offer argument on an issue or makes only passing references to it, the brief is insufficient to raise a claim and the issue is abandoned).

[4]On appeal, Lopez does not challenge the denial of his claim for relief under the Convention Against Torture ("CAT"). Thus, Lopez has abandoned his CAT claim. <u>See</u> <u>Mendoza v. U.S. Att'y Gen.</u>, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).