[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2010
JOHN LEY
CLERK

No. 09-16453
Non-Argument Calendar
_____

Agency Nos. A097-190-300, A097-190-301

JOHN FREDY OSPINA HERNANDEZ,
PAULA ANDREA VELEZ YEPEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 7, 2010)

Before EDMONDSON, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

John Fredy Ospina Hernandez, a native and citizen of Colombia, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied asylum and withholding of removal.[1] No reversible error has been shown; we dismiss the petition in part and deny it in part.

Here, we review only the decision of the BIA because the BIA did not expressly adopt the IJ's decision. Mehmeti v. U.S. Attorney Gen., 572 F.3d 1196, 1199 (11th Cir. 2009). We review legal determinations de novo. Id. And we review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "view the record in the light most favorable to the [BIA's] decision and draw all reasonable inferences in favor of that decision"; and we may reverse the BIA's fact determinations "only when the record compels a reversal." Id. at 1027.

---

[1] Petitioner raises no challenge to the portion of IJ's decision denying relief under the Convention Against Torture; so that issue is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

The BIA concluded that Petitioner's asylum application was time-barred because he did not file it within one year of arriving in the United States, as required by 8 U.S.C. § 1158(a)(2)(B).[2] Petitioner contends that we have jurisdiction to consider whether he established an exception to the one-year filing requirement. But we have concluded that section 1158(a)(3) divests us of jurisdiction to review a time-bar decision. Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). So, we dismiss the petition for review on the asylum claim.

We have jurisdiction only over Petitioner's withholding of removal claim.[3] To establish eligibility for withholding of removal, an alien must show "that his life or freedom would be threatened on account of" a protected ground, including political opinion and membership in a particular social group. Delgado, 487 F.3d at 860-61. Therefore, Petitioner bore "the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to" Colombia. Id. at 861. Where, as here, Petitioner made no claim of past persecution, to meet this

---

[2]Petitioner entered the United States in April 1999 and filed his asylum application in March 2003.

[3]Petitioner included his wife as a derivative beneficiary in his application. But as a derivative petitioner, Petitioner's wife is ineligible for withholding of removal even if Petitioner is granted such relief. See Delgado v. U.S. Attorney Gen., 487 F.3d 855, 862 (11th Cir. 2007).

burden, he had to show a future threat to his life or freedom on a protected ground in Colombia.  Id.

In the absence of past persecution, an alien must demonstrate that his fear of persecution is "subjectively genuine and objectively reasonable," and "establish a causal connection between the [protected ground] and the feared persecution." Sepulveda, 401 F.3d at 1231.  The alien must establish either that he would be singled out individually, or that there is a pattern or practice of persecution based on a protected ground against the group with which he identifies.  8 C.F.R. § 208.16(b)(2)(i).

Petitioner sought relief because he feared future persecution in Colombia by guerilla and paramilitary groups based on his membership in a particular social group of educators and because of his involvement with the Liberal Party. Petitioner served as a sports coordinator in the campaigns of certain Liberal Party candidates in the late 1990s.  He obtained this job after approaching the Liberal Party and asking for its support.  As a sports coach, Petitioner helped to expand the Liberal Party's voting base through the parents and relatives of the children participating in the sports programs.

Petitioner worked in a small town in the mountains and often traveled with his teams to other small towns for sports competitions.  In traveling, Petitioner

4

would occasionally have contact with the guerillas and members of paramilitary groups that controlled the town and other nearby towns, including some members who were on his adult sports teams. He eventually left the town because he felt like his life was in danger because of these groups. He feared persecution upon return to Colombia because he was involved in education and those involved in education were not respected and often were attacked by the guerilla and paramilitary groups.

The IJ concluded that Petitioner showed no clear probability of persecution because of his membership in a particular social group of educators or because of his support of the Liberal Party. The BIA agreed with the IJ, concluding that Petitioner's coaching did not place him within a particular social group because employment was not based on a common, immutable characteristic and that Petitioner showed no clear probability of being persecuted based on his support of Liberal Party candidates because he presented no evidence that any of the candidates or their supporters had been targeted. And Petitioner could avoid future threats by relocating to a more urban area.

On appeal, Petitioner argues that he showed that, as a member of a particular social group of educators and because of his involvement in the Liberal Party, he would be singled out for persecution by guerillas and paramilitary groups and,

5

thus, qualified for withholding of removal.[4] He also argues that he demonstrated a

pattern or practice of persecution against Liberal Party supporters to qualify for

relief. We disagree.

Even if Petitioner's job as a sports coordinator places him in the role of an

educator, he still has not shown that he is part of a particular social group. Because

Petitioner could change jobs, his position as a sports coach is not an immutable

characteristic that is fundamental to his identity. See Castillo-Arias v. U.S.

Attorney Gen., 446 F.3d 1190, 1196 (11th Cir. 2006); Matter of Acosta, 19 I. & N.

Dec. 211, 234 (BIA 1985), overruled on other grounds by Matter of Mogharrabi,

19 I. & N. Dec. 439 (BIA 1987) (concluding that taxi workers were not a

"particular social group" under the INA because "the internationally accepted

concept of a refugee simply does not guarantee an individual a right to work in the

job of his choice"). The BIA's determination that educators did not constitute a

particular social group was not unreasonable so we must accept the BIA's

interpretation. See Castillo-Arias, 446 F.3d at 1196.

Petitioner also demonstrated no objectively reasonable fear of being singled

out for future persecution because of his political opinion. His activities with the

_____

[4]Contrary to Petitioner's assertion, the BIA did not apply the incorrect standard to
Petitioner's asylum claim. The BIA concluded that Petitioner's asylum claim was time-barred
and applied the correct "more-likely-than-not" standard to his remaining withholding of removal
claim.

Liberal Party were limited to his activities with sports; and he had never been targeted, threatened, or harmed by guerillas or paramilitary groups because of his party associations, even while working in an area with strong guerilla and paramilitary activity. He occupied no significant post in the Liberal Party and he did not show that any notoriety he had with the Party would outlast his decade-long absence. See Sepulveda, 401 F.3d at 1231-32. And, as the BIA noted correctly, Petitioner could avoid a future threat by relocating to a less rural area of Colombia, where these militant groups had less of a presence. See Mendoza, 327 F.3d at 1287.

Petitioner also demonstrated no pattern or practice of persecution against Liberal Party supporters. Documents submitted by Petitioner indicated that violence by paramilitary and guerilla groups was meted out without regard to political affiliation. And Petitioner testified that he knew of no Liberal Party members who had been threatened or attacked by paramilitary groups.

Viewing the evidence in the light most favorable to the BIA's decision, Petitioner did not show that he would more likely than not suffer persecution because of his role as an educator or involvement in the Liberal Party. And we are not compelled to reverse the BIA's conclusions.

PETITION DISMISSED IN PART AND DENIED IN PART.