[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2010
JOHN LEY
CLERK

No. 10-11613
Non-Argument Calendar
_____

Agency No. A096-101-148

SOPHIE EPOSI LINGONDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 16, 2010)

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Sophie Eposi Lingondo, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). On review, Lingondo argues (1) the IJ violated her due process rights and (2) she established a well-founded or likely fear of future persecution. We review each issue in turn.

I.

Lingondo first argues the IJ violated her due process rights by depriving her of a fair removal hearing. She contends the IJ did not act as a neutral fact-finder, prejudged her claim, assumed the Government's role, and inhibited her counsel from conducting a meaningful direct examination.

We lack jurisdiction to review claims the petitioner failed to raise before the BIA, regardless of whether the BIA addressed the claims *sua sponte*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006). A due process claim that alleges a petitioner was "denied a full and fair hearing before a neutral fact-finder is precisely the kind of procedural error which requires exhaustion." *Amaya-Artunduaga*, 463 F.3d at 1251. Lingondo failed to raise any

2

claim concerning the denial of a fair hearing, bias, or a due process violation to the BIA. Because she failed to exhaust the issue we lack jurisdiction to consider it.

## II.

Lingondo next argues the BIA erred by concluding she failed to demonstrate a well-founded fear of future persecution. She claims her husband's tribe targeted her family after her husband refused to become chief, and she believes the tribe will come after her if she returns to Cameroon. She contends if her husband has been killed, she could suffer the same fate, or if he is alive, she may be captured to force him out of hiding. Alternatively, if her husband has become chief, she fears she will be subjected to female genital mutilation (FGM).

We review the BIA's conclusions under the substantial-evidence test, and the BIA's conclusions will be affirmed if supported by reasonable, substantial, and probative evidence based upon the record as a whole. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted). For us to reverse the BIA's decision under this test, we must find the record compels a contrary conclusion, not merely that it supports one. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

An applicant can establish a well-founded fear of future persecution by showing a fear based upon a reasonable possibility of future persecution on

account of a protected ground, that is both "subjectively genuine and objectively reasonable." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009). An alien can establish a nexus between the fear of persecution and a protected ground "by presenting specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of such [protected] ground." *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1200 (11th Cir. 2009) (citation and quotation omitted). An alien can also establish a well-founded fear of future persecution by showing a "pattern or practice" in the subject country of persecuting "a group of persons similarly situated to the applicant on account of [a protected ground]" and her own membership in such a group. 8 C.F.R. § 208.13(b)(2)(iii).

Substantial evidence supports the BIA's determination that Lingondo failed to establish her eligibility for asylum. If tribesmen had killed her husband, as she testified she believed, Lingondo did not have an objective reason to fear capture, FGM, or death, because those fears revolved around the tribe's continued interest in her husband. *Kazemzadeh*, 577 F.3d at 1352. There is no objective basis for her fear of future harm in Cameroon, as it has been eight years since her husband was chosen to be chief and there is no evidence the tribe has any continuing interest in him or Lingondo. Lingondo also failed to establish a pattern or practice

4

of persecution against similarly situated persons, providing no evidence about the widows of men who refused to become chief later being harmed. 8 C.F.R. § 208.13(b)(2)(iii). Thus, the record does not compel the conclusion that Lingondo had a good reason to fear being singled out for future persecution on account of her husband's status or that she demonstrated a pattern or practice against similarly situated persons. Her withholding of removal and CAT relief claims also fail because they were based on the same facts as her asylum claim, and she failed to meet the lower burden under asylum. *See Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007).

**DISMISSED IN PART AND DENIED IN PART.**