[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12131
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 14, 2011
JOHN LEY
CLERK

Agency No. A088-341-648

ALEXANDR MYSSIK,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 14, 2011)

Before BLACK, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Alexandr Myssik, a native and citizen of Kazakhstan, petitions for review of

the Board of Immigration Appeals' ("BIA") order affirming an Immigration

Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). The IJ determined that Myssik was not a credible witness and denied all relief. After review, we deny Myssik's petition.

## I.

As an initial matter, we lack jurisdiction to review the IJ's denial of withholding of removal and CAT relief because Myssik did not exhaust those claims before the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006). Therefore, we dismiss Myssik's petition to the extent that it raises claims for withholding of removal and CAT relief. Our review is limited to the denial of Myssik's application for asylum.

## II.

"We review the decision of the [BIA], and we review the decision of the Immigration Judge to the extent that the [BIA] expressly adopted the opinion of the Immigration Judge." Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009) (quotation marks omitted). "To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009). Because the BIA adopted the IJ's reasoning, we will review both decisions. We review the BIA's and IJ's

2

conclusions of law de novo, but we review findings of fact, including credibility determinations, for substantial evidence to support them. Id.; Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006).

"Our review for substantial evidence is highly deferential." Kazemzadeh, 577 F.3d at 1351. "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We must "affirm the [BIA's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation marks omitted).

Myssik challenges the IJ and BIA's adverse credibility determination. When an adverse credibility determination is made "the burden shifts to [the applicant] to show the credibility finding is not supported by 'specific, cogent reasons' or was not based on substantial evidence." Chen, 463 F.3d at 1232. Myssik contends that the IJ and BIA's adverse credibility finding was not based on substantial evidence.

In finding Myssik not credible, the IJ and BIA both pointed out inconsistencies between Myssik's asylum application and hearing testimony. See 8 U.S.C. § 1158(b)(1)(B)(iii) (explaining that the "trier of fact may base a

3

credibility determination on . . . any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor"). Myssik listed "43 Panfilova Pereulok" as his place of residence from 1997 to 2007 in his asylum application. However, Myssik testified at his hearing that he moved in with his grandmother in 1997 after being forced to sell that property to a corrupt police officer named Mr. Asilvakov. Myssik also stated in his asylum application that he was summoned by a KNB officer the day after he criticized a foundation operated by the daughter of the president of Kazakhstan on a television program. At his hearing, he testified that he was summoned the same day.

The IJ and BIA also based its adverse credibility finding on Myssik's failure to produce corroborating evidence. See Chen, 463 F.3d at 1231 (explaining that the denial of asylum relief "can be supported solely by an adverse credibility determination, especially if the alien fails to produce corroborating evidence"). The IJ and BIA noted that Myssik did not submit documents showing that he sold "43 Panfilova Pereulok" to Mr. Asilvakov in 1997. Nor did Myssik produce documents establishing that he appeared on a television program or that he was detained by the KNB.

After thorough review, we hold that the IJ and the BIA's specific, cogent

reasons for making the adverse credibility determination are supported by the evidence, and nothing in the record would compel a reasonable factfinder to reverse the IJ and BIA's finding. See id. at 1230–31 (explaining that "the [BIA's] decision can be reversed only if the evidence compels a reasonable factfinder to find otherwise" (quotation marks omitted)). Myssik's argument to the contrary is without merit. For that reason, we deny Myssik's petition for review.

PETITION DENIED.