[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20, 2011
JOHN LEY
CLERK

No. 10-11239
_____

Agency No. A79-498-591


FRANCESK UJKA,
ELIDA UJKA,
DAJANA UJKA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 20, 2011)

Before MARTIN and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Francesk Ujka, Elida Ujka, and Dajana Ujka (collectively, "the Ujkas") petition for review of the denial of their asylum applications.[1] The Ujkas argue that the Board of Immigration Appeals' ("BIA") conclusion that the government showed changed country conditions is not supported by substantial evidence because the BIA improperly relied on State Department country reports. The Ujkas also argue that they are entitled to humanitarian asylum. See 8 C.F.R. § 1208.13(b)(1)(iii). After careful review of the record and the parties' briefs, and with the benefit of oral argument, we deny the Ujkas' petition for review.

Substantial evidence supports both the BIA's determination that the government showed changed country conditions and its conclusion that the Ujkas are not entitled to humanitarian asylum. First, the BIA's reliance on State Department country reports was proper in this case because the BIA pointed to portions of those reports showing that local police—the source of the Ujkas' past

---

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

[1] The Ujkas were also denied withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. The Ujkas have abandoned these issues by not raising them in their brief to this Court. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

political persecution—were now under the control of the political party to which the Ujkas belong. As such, the BIA performed an "individualized analysis that focuse[d] on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports." Imelda v. U.S. Att'y Gen., 611 F.3d 724, 729 (11th Cir. 2010) (quotation marks omitted). Second, while we recognize that the Ujkas' experience in Albania was horrific, humanitarian asylum "is reserved for the most extraordinary cases," and we cannot say that the record before us compels the conclusion that the past persecution here rises to such a level that asylum must be granted even without a well-founded fear of future persecution. Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1200–01 (11th Cir. 2009). For these reasons, we deny the Ujkas' petition for review.

**PETITION DENIED.**