[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 18, 2011
JOHN LEY
CLERK

No. 10-10877
Non-Argument Calendar
_____

Agency No. A097-663-376


MODUPE DELE WANGBOJE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 18, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Modupe Dele Wangboje, a native and citizen of Nigeria, petitions for

review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of asylum pursuant to the Immigration and Nationality Act ("INA") § 208, 8 U.S.C. § 1158, withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). In her petition, Wangboje argues that the BIA and IJ erred by denying her asylum application as untimely, as she alleges that she established an exception to the one-year time limit. She also argues that the BIA and IJ erred by denying her application for withholding of removal and CAT relief. She contends that she demonstrated past persecution and showed that she had a well-founded fear of future persecution.

## I.

An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). Nevertheless, an untimely application "may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application. . . ." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). However,

2

section 1158(a)(3) "divests [us] of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

Because we lack jurisdiction to review the determination that an asylum application is untimely, that portion of the instant petition seeking review of Wangboje's claim for asylum is dismissed. *See* INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); *see also Mendoza*, 327 F.3d at 1287.

## II.

Where the BIA issues a decision, we review that decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own decision that did not expressly adopt the opinion of the IJ, so we review only the BIA's decision. We review *de novo* conclusions of law by the BIA, but review findings of fact for substantial evidence. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284.

To qualify for withholding of removal, an alien must show that, if returned

to her country, her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). An applicant for withholding of removal may satisfy this burden of proof by establishing either (1) past persecution on account of a protected ground, or (2) demonstrating that it would be more likely than not that she would be persecuted on account of a protected ground were she removed. *Tan v. U.S. Att'y Gen.,* 446 F.3d 1369, 1375 (11th Cir. 2006). A showing of past persecution gives rise to a rebuttable presumption that the applicant's life or freedom will be threatened upon return to her country. *Id.* This presumption may be rebutted if the government shows that the conditions in the country have changed or that the alien could avoid a future threat through relocation within the country. *Id.*

To be eligible for relief under the Convention Against Torture, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. §§ 208.16(c)(2).

Persecution is not defined in the INA, but it is "an extreme concept," requiring more than mere harassment. *De Santamaria v. U.S. Att'y Gen.,* 525 F.3d 999, 1008 (11th Cir. 2008). In assessing persecution we consider all the evidence of mistreatment as a whole, and are "required to consider the cumulative impact of

4

the mistreatment the petitioner[ ] suffered." *Mejia v. U.S. Att'y. Gen.*, 498 F.3d 1253, 1258 (11th Cir. 2007). Mere threats do not constitute persecution. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (holding that a "condolence note" and threatening phone calls, without more, were mere harassment, rather than persecution).

Substantial evidence supports the BIA's conclusion that Wangboje did not suffer past persecution. Looked at individually, none of the incidents alleged by Wangboje constituted persecution on account of a protected ground. There is also no indication that the BIA did not consider the totality of the circumstances in evaluating Wangboje's alleged persecution. Rather, the incidents suffered by Wangboje, taken cumulatively, do not rise to the level at which we have found persecution.

Because Wangboje has not shown past persecution, she has not created a presumption that her life or freedom will be threatened upon return to Nigeria. *See Tan*, 446 F.3d at 1375. Wangboje has also not demonstrated directly either a well-founded fear of persecution or that her life or freedom will be threatened upon return to Nigeria. From the record, it seems clear that Wangboje could avoid any potential persecution by relocating within Nigeria. *See Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1325-27 (11th Cir. 2001) (holding that a well-founded

fear of persecution does not exist where a petitioner can safely relocate within a country).

Additionally, Wangboje presented no evidence that the Nigerian authorities were unable or unwilling to protect her. She presented no evidence that she ever informed the authorities of the crimes or threats committed against her, most notably the attack that injured her leg. *See id.* at 1327 (holding that a failure to contact law enforcement regarding alleged persecution supported a BIA finding that an applicant did not face a threat of persecution). Because Wangboje never contacted the authorities, she cannot convincingly argue that the government of Nigeria was unable or unwilling to protect her.

Because Wangboje failed to meet her burden of showing past persecution or that it was more likely than not that she would be persecuted if removed, she does not meet her burden of showing eligibility for withholding of removal. *See Tan*, 446 F.3d at 1375.

Wangboje's claim for CAT relief also fails. Because Wangboje failed to establish a well-founded fear of persecution, she is not entitled to CAT relief. *See Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1201 (11th Cir. 2009) (providing that "[i]f an alien cannot establish a well-founded fear of persecution, the alien also cannot establish that it is more likely than not that he will be tortured based on a

6

protected factor").

Upon review of the record and consideration of the parties' briefs, we dismiss her petition in part, and deny in part.

**PETITION DISMISSED in part, DENIED in part.**