[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15919
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 29, 2011
JOHN LEY
CLERK

Agency No. A098-877-550

VALBONA AGALLIU,
ILIR AGALLIU,
JULIA AGALLIU,
MATTHIAS AGALLIU,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 29, 2011)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Valbona Agalliu, her husband, Ilir Agalliu, and their children, natives and

citizens of Albania, petition this Court to review the decision of the Board of Immigration Appeals that denied Agalliu's application for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(a), 1231(b)(3). The Board affirmed the findings of the immigration judge that Agalliu failed to prove that she suffered past persecution or that she would be persecuted if she returned to Albania because of a fundamental change in country conditions. We deny the petition.

We review the decision of the Board for substantial evidence. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350–51 (11th Cir. 2009). Because "[o]ur review for substantial evidence is highly deferential," we "'must affirm the decision of the Board if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Id. at 1351 (quoting Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001)). Even if the record supports a finding contrary to that reached by the Board, to reverse its decision "'we must find that the record not only supports reversal, but compels it.'" Id. (quoting Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003)).

Agalliu challenges the finding that she was not persecuted based on her

political opinion, but we need not address that issue because, even if we assume that she suffered past persecution, substantial evidence supports the finding of the Board that there has been a fundamental change in country conditions. Agalliu alleged that, between 2002 and 2004, she was persecuted by members of the Socialist Party because she supported the Republican Party, but the record establishes that the strength of the Socialist Party diminished after the national elections in 2005. The 2006 Country Profile states that, as a result of the elections in 2005, the "Democratic Party and its allies," including the Republican Party, controlled a majority of Parliament and had elected the leader of the Democratic Party, Sali Berisha, as prime minister. Agalliu expresses fear of Socialists who have retained their positions under the new government, but the Profile states that "neither the Government nor the major political parties engage in policies of abuse or coercion against their political opponents" and, "[w]hile serious political repression existed in the past, there are no indications of systemic political persecution in Albania at the present time." The substantial evidence of a charge in country conditions also means that the record does not compel a finding that Agalliu has an objectively reasonable fear of future persecution or that she is entitled to humanitarian asylum. Because Agalliu failed to establish that she was entitled to asylum, she also cannot satisfy the higher standards applied to

applications for withholding of removal and relief under the Convention.  See

Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232–33 (11th Cir. 2005); Mehmeti

v. U.S. Att'y Gen., 572 F.3d 1196, 1201 (11th Cir. 2009).

We **DENY** the Agallius' petition for review.