[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10805
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2011
JOHN LEY
CLERK

Agency No. A089-093-864

HE LUAN LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 27, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

He Luan Liu, a native and citizen of China, petitions this Court for review of the Board of Immigration Appeals' (BIA's) final order affirming the Immigration Judge's (IJ's) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT), based on an adverse-credibility finding. Liu contends the BIA and IJ erred in concluding he was not credible because substantial evidence supported his asylum claims. After review,[1] we affirm the BIA.[2]

An alien's credible testimony, without further corroboration, can be sufficient to meet the applicant's burden in establishing eligibility for relief from removal. 8 U.S.C. § 1158(b)(1)(B)(ii). Under the REAL ID Act of 2005:

> Considering the totality of circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the

---

[1] A determination that the petitioner's testimony is not credible is a finding of fact. *Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1239 (11th Cir. 2010). We review factual determinations under the substantial evidence test, and "we must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010) (quotations omitted). Under the substantial-evidence test, we review the evidence from the record, drawing all inferences in favor of the agency's decision, and will reverse only if the record compels reversal. *Id.*

[2] We typically only review BIA decisions, unless the BIA adopts the IJ's reasoning. *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1199 (11th Cir. 2009). Because the BIA issued its own decision, we will review that order as the final agency decision. *See id.*

circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). The court may deny asylum relief if the court finds the applicant's testimony is not credible, and the applicant produces insufficient corroborating evidence to rebut any inconsistencies or omissions. *Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240 (11th Cir. 2010). Reliable testimony is marked by "consistency on direct examination, consistency with the written application, and the absence of embellishments." *Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1049 (11th Cir. 2009). The IJ must offer specific, cogent reasons for the adverse-credibility finding, and it is the alien's burden to show that the credibility finding was not properly supported. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

Substantial evidence supports the BIA's adverse-credibility determination and the BIA offered specific, cogent reasons for its determination. The BIA based its decision upon several inconsistencies between Liu's application, testimony, and submitted documents. Specifically, the BIA noted Liu testified he was in jail for a little more than a month, but his asylum application stated he was in jail for a half

3

of a year. Liu testified his robbery arrest was in 1993, but his asylum application stated that the arrest was in 1994. The BIA also noted the July 2006 medical records Liu provided did not mention his wife's IUD. In addition, the July 2006 medical records indicated his wife had a previous abortion, which contradicted Liu's testimony his wife had only had one abortion in May 2007. The other medical reports Liu provided did not mention the presence of an IUD at the relevant time. The BIA noted the November 2008 X-ray report listed Liu's wife's age incorrectly. The BIA further noted Liu failed to support his assertion that Chinese officials forcibly beat him and told him he had to report to the police following his wife's abortion by producing medical records, subpoenas, or warrants. Further, the BIA reasonably found Liu's limited education could not excuse the discrepancies in his story.

The BIA also concluded Liu's religious claims were inconsistent. The BIA noted Liu first testified his wife went to church with him once and then testified she attended church services three or four times. In addition, Liu's testimony regarding his wife's limited religious activities was inconsistent with his wife's statement she often went to Christian parties, visited sick friends in the hospital, and handed out religious flyers. The BIA concluded the credibility issue was dispositive and declined to address the merits of Liu's arguments.

4

Liu argues he never explicitly indicated that the IUD worsened his wife's gynecological issues or that his wife never converted to Christianity. The BIA, however, did not base its adverse-credibility determination on whether it was unclear if the IUD had worsened Liu's wife's gynecological issues, but rather, the inconsistencies related to the date of the IUD insertion and forced abortion. Further, the BIA did not base its adverse-credibility determination on inconsistencies related to whether or not Liu's wife was actually baptized and converted to Christianity, but rather, the extent of her church involvement and the internal inconsistency in Liu's testimony regarding how many times she attended church. Further, there is no indication, as Liu argues, that the BIA misread the record or disregarded some of Liu's evidence. *See Kueviakoe*, 567 F.3d at 1305-06.

Liu asserts the BIA should have focused on the apparent consistencies, and that his explanations for his inconsistencies were reasonable and should have been accepted. However, the fact the record may support a contrary conclusion is not enough to justify a reversal of the BIA's determination. The BIA did not err in basing its adverse-credibility determination on the inconsistencies between Liu's testimony and the other evidence, regardless of whether the inconsistencies went to the heart of Liu's claims. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Liu's argument the

inconsistencies were negligible is unpersuasive because they did not need to be central to his claim, and, moreover, the inconsistencies did involve many of the core facts of his claim. Because of the numerous inconsistencies evident from the record and explicitly detailed in the BIA's decision, the record does not compel reversal of the BIA's credibility decision.

As Liu's testimony was not credible, and he failed to produce sufficient corroborating evidence to rebut inconsistencies, the adverse-credibility finding is sufficient to deny his asylum claim. *See Xia*, 608 F.3d at 1240. Because Liu failed to meet the standard for asylum, he cannot meet the higher standard for withholding of removal or CAT releif. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1292-93, 1303-04 (11th Cir. 2001) (stating an applicant who cannot meet the "well-founded fear" standard for asylum cannot meet the higher standards for withholding of removal or CAT relief). Accordingly, we deny the petition for review.

**PETITION DENIED.**