[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 9, 2012
JOHN LEY
CLERK

No. 11-11092
Non-Argument Calendar

_____

Agency No. A096-270-763

JOSE ANTONIO RUIZ FONSECA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 9, 2012)

Before BARKETT, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Antonio Ruiz Fonseca, a native and citizen of Colombia, appeals the Board of Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal under the Immigration and Nationality Act. 8 U.S.C. §§ 1158, 1231.[1] In support of his application, Fonseca claimed that the Revolutionary Armed Forces of Colombia ("FARC") persecuted him for his work with the Colombian government. Specifically, he described hearing from members of indigenous communities that the FARC was uncomfortable with his work. He believed that the FARC had killed his dog, kidnapped his mother, and attempted to kidnap his sister's children. However, he conceded at his hearing that he had no evidence corroborating his claim that the FARC was responsible. Both the IJ and the BIA denied Fonseca's claim for asylum as untimely, and denied his claim for withholding of removal upon finding that the events which he described did not amount to past persecution or give rise to a clear probability of persecution if he returned to Colombia.

Fonseca now argues the BIA erred in finding that he did not establish past

---

[1] The IJ and BIA both appear to have construed Fonseca's application to also request relief under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c), and denied his application in this respect. However, he has abandoned his request for CAT relief before this Court by failing to raise that issue in his initial brief. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

persecution or a reasonable probability of future persecution. He asserts that the BIA inappropriately weighed the FARC's threats against him, the killing of his dog, his mother's kidnapping, and the attempted kidnapping of his sister's children because taken together, these incidents are at least as severe as harms which federal courts have found to constitute persecution.

We deny Fonseca's petition for the following reasons. First, as to his claim for asylum, he fails to appeal the BIA's decision that his application was time-barred. Therefore, he has abandoned this claim. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006). Even if Fonseca preserved this issue, we would still lack jurisdiction to consider the BIA's findings that he failed to put forth extraordinary and changed circumstances sufficient to excuse his untimely application. 8 U.S.C. § 1158(a)(3); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). Accordingly, we dismiss Fonseca's petition for asylum.

We also deny Fonseca's petition for withholding of removal because he is unable to satisfy the "more stringent" standards governing this claim. Ruiz v. Gonzales, 479 F.3d 762, 766 n.1 (11th Cir. 2007). We review the BIA's finding that an alien was not eligible for withholding of removal under the substantial evidence test, which requires that we affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a

3

whole." Imelda v. U.S. Att'y Gen., 611 F.3d 724, 727 (11th Cir. 2010). "We review only the BIA's decision, except where it expressly adopts the IJ's decision. To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009) (citation omitted). Here, the BIA expressly stated its agreement with the IJ's "decision that [Fonseca] did not demonstrate the requisite degree of harm for past persecution purposes and that a well-founded fear of persecution was not established."

To qualify for withholding of removal, an alien must demonstrate that, if removed, it is more likely than not that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1243 (11th Cir. 2006). In order to qualify for asylum or withholding of removal, the applicant must establish either: (1) past persecution on account of a protected ground, or (2) a future threat to his life or freedom on a protected ground. Mehmeti, 572 F.3d at 1199. "Persecution" is not defined in the Immigration and Nationality Act, but this Court has indicated that it is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). "Mere harassment does not amount to persecution," nor do repeated

4

threats and menacing telephone calls, absent other forms of severe mistreatment. Id. at 1231 (alteration omitted).

An alien is required to establish persecution "with specific and credible evidence." Mehmeti, 572 F.3d at 1199. Thus, when offering evidence of instances of persecution, an alien must be able to do more than speculate as to his persecutor's identity. See, e.g., Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1288 (11th Cir. 2003) (holding that a Guatemalan applicant for withholding of removal could not establish persecution because his testimony that guerillas burned down his father's house was conclusory, and he could only speculate as to who killed his uncle).

If an alien establishes past persecution, "it is presumed that his life or freedom would be threatened upon return to his country." Id. at 1287. An alien may also qualify for withholding of removal if his fear of future persecution is both "subjectively genuine and objectively reasonable." Mehmeti, 572 F.3d at 1200. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." Id. "The objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id. (alteration omitted).

The threats that Fonseca described in his application did not rise to the level

5

of past persecution. Although he described the death of his dog, the disappearance of his mother, and the attempted kidnapping of his sister's children as coercive products of the threats he received, he could do no more than speculate that the FARC was responsible for these incidents. He acknowledged that his mother suffered from memory loss and could have become disoriented and gotten lost; there was never a ransom demand. Fonseca's sister, who obtained asylum in 2007, worked for the National Registrar Office, and thus Fonseca could do no more than "assume" that the attempted kidnapping of her children was related to his own situation, rather than his sister's own political activity. Fonseca was never physically attacked, and his children have remained in Colombia without incident. We conclude that reasonable, substantial, and probative evidence supports the BIA's decision.

PETITION DISMISSED IN PART, DENIED IN PART.