[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14479
Non-Argument Calendar
_____

Agency No. A205-369-480


DORIN IVANOVICH BIRSA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 5, 2016)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Dorin Ivanovich Birsa, a native and citizen of Moldova, seeks review of the Board of Immigration Appeals' final order affirming the Immigration Judge's denial of his application for asylum and withholding of removal.[1]  Birsa contends that he was persecuted on account of his political beliefs when he was attacked at a political demonstration in April 2009, received threatening phone calls, and was fraudulently convicted of several offenses.  He also argues that if he returns to Moldova he will face future persecution because of those convictions.

We review the BIA's factual determination that an alien is ineligible for asylum under the substantial evidence test.  Najjar v. Ashcroft, 257 F.3d 1262, 1283 (11th Cir. 2001).[2]  We view the evidence "in the light most favorable to the agency's decision" and must affirm if "it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254–55 (11th Cir. 2006) (quotation marks omitted).  A "finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."  Id. (quotation marks omitted).

---

[1] He also challenges the denial of CAT relief, but because he did not raise that claim before the BIA, we have no jurisdiction to consider it.  See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).  As a result, that part of his petition is DISMISSED.

[2] "We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion."  Najjar, 257 F.3d at 1284.  The BIA agreed with the IJ's findings, so we review both decisions.  Id.

To establish that he is eligible for asylum, Birsa must, "with specific and credible evidence," show "(1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009) (quotation marks omitted). An alien's political opinion is a protected ground. Id. "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation marks omitted).

Substantial evidence supports the finding that Birsa did not suffer past persecution on account of his political opinion. Birsa, who supports Moldova's liberal party, testified that he was at a demonstration against the communist party when four or five people kicked and punched him, which resulted in some injuries and scarring. He also received several telephone calls after that incident informing him that he would go to prison if he continued his political activities. As the IJ and BIA found, neither the attack nor the telephone calls amounted to persecution. See Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1171, 1174 (11th Cir. 2008) (holding that a beating resulting in scratches and bruising, along with an arrest and 36-hour detention, was not persecution); Sepulveda, 401 F.3d at 1229, 1231 (holding that telephone calls involving death threats and orders to stop political activity did not amount to persecution). Birsa argues that the beating and telephone calls together

3

amount to persecution, but the facts do not compel that conclusion.  Cf. Ruiz v. Gonzales, 479 F.3d 762, 763, 766 (11th Cir. 2007) (holding that the "cumulative effect" of two beatings, death threats, and an 18-day kidnapping amounted to persecution).

He argues that he also suffered persecution because after he left Moldova in 2012 he was fraudulently convicted of hooliganism, disturbing the peace, and destruction of property.  Even if his convictions were fraudulent, however, substantial evidence supports the finding that they were not based on his political opinion.  He was not convicted until 2013, four years after the communist party he opposed lost power.  He testified that he was prosecuted merely because he was in "the wrong place at the wrong time," and that if the liberal party government had not prosecuted him, it would have found a "different person that would be held as the scapegoat."  As the IJ and BIA pointed out, being prosecuted as a scapegoat does not mean that he was being prosecuted for his political opinion.  Birsa's arguments to the contrary ask us to reweigh the evidence, which we cannot do. See Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004).

Birsa also contends that he will suffer persecution if he returns to Moldova because the authorities will detain him based on the allegedly fraudulent convictions.  To show a "well-founded fear" of future persecution, he must "establish a causal connection between [his] political opinion and the feared

4

persecution, presenting specific, detailed facts showing a good reason to fear that he . . . will be singled out for persecution on account of such an opinion." Sepulveda, 401 F.3d at 1231 (emphasis omitted) (quotation marks omitted). He cannot meet that standard because substantial evidence supports the finding that his convictions were not based on his political beliefs. Even if he is detained when he returns to Moldova he has not shown that it would be because of his political beliefs. Because substantial evidence supports the findings that Birsa failed to show past persecution or a well-founded fear of future persecution, he has not established eligibility for asylum.[3]

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[3] Because Birsa has not shown that he is eligible for asylum, he cannot qualify for withholding of removal. See Sepulveda, 401 F.3d at 1232–33.