[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14077
Non-Argument Calendar

_____

Agency No. A208-538-837


MARIA JOSE OLIVA-GARCIA,
SEBASTIAN JOSE OLIVA-GARCIA,
JADE MARCELA ZELAYA-OLIVA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 16, 2020)

Before WILSON, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Jose Oliva-Garcia, a native and citizen of Honduras, and her two children, as her derivative beneficiaries, petition for review of the order of that affirmed the denial of her application for asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). Oliva also applied for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 8 C.F.R. § 1208.17, but she does not petition us to review that decision and has abandoned any argument she could have made for that form of immigration relief. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). The Board of Immigration Appeals assumed that Oliva was credible and found that she failed to prove that she suffered past persecution or had a well-founded fear of future persecution on account of her membership in a social group of "immediate family members of Raul Zelaya." Oliva argues that the Board failed to give reasoned consideration to her arguments on appeal, that she is entitled to asylum, and that the immigration judge erred in finding her not credible. We deny Oliva's petition.

We review issues of law *de novo*. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). "We review only the decision of the Board of Immigration Appeals, except to the extent that the Board expressly adopts the immigration judge's opinion." *Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1286 (11th Cir. 2014) (alteration adopted) (internal quotation marks omitted).

The Board gave reasoned consideration to Oliva's arguments. The Board "considered the issues raised and announced its decision in terms sufficient . . . to perceive that it . . . heard and thought and not merely acted" on Oliva's appeal. *Jeune*, 810 F.3d at 803 (alterations adopted) (quoting *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011)). In response to Oliva's challenge to the immigration judge's adverse credibility finding, the Board credited her testimony. The Board accepted as true Oliva's story that her father-in-law, Zelaya, killed a man whose family, the Matutes, vowed to exact vengeance on Oliva's husband; that, in 2012, some of the Matutes were arrested for shooting at Oliva's home while her family was elsewhere; that, in 2014, one of the Matutes saw Oliva and threatened her; and that her family remained in Honduras unharmed until 2015, when they traveled to the United States. Based on those facts, the Board determined that Oliva failed to "demonstrate past harm which rises to the level of past persecution." The Board also determined that, without proof that Oliva "was harmed or targeted on account of [her family membership] or that she is unable to reasonably relocate within Honduras to avoid harm," she failed to "establish[] a well-founded fear of persecution in Honduras." Because the Board considered Oliva's evidence and explained its decision in terms sufficient to enable meaningful appellate review, its decision, though brief, is supported by reasoned consideration. *See Jeune*, 810 F.3d at 803.

3

Oliva fails to satisfy the criteria to qualify for asylum. To be eligible for asylum, Oliva has to establish that she suffered past persecution or that she has a well-founded fear of future persecution in her homeland. *Ruiz v. U.S. Atty. Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). And to prove a well-founded fear of future persecution, Oliva has to establish that "there is a reasonable possibility [s]he will suffer such persecution" that cannot be avoided by relocating within her homeland. 8 C.F.R. § 208.13(b)(2); *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1200 (11th Cir. 2009). Oliva does not dispute the findings of the Board that she failed to prove past persecution and that relocation is a viable option for her. So Oliva is ineligible for asylum.

Oliva argues that the immigration judge erred when he found her not credible, but we will not review a finding that the Board did not adopt. "We review only the decision of the Board, except when the Board expressly adopts the reasoning of the immigration judge." *Malu*, 764 F.3d at 1289. The Board assumed "the veracity of [Oliva's] testimony." The adverse credibility finding of the immigration judge does not provide Oliva a ground for reversal.

We **DENY** Oliva's petition for review.

4