[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13924

Non-Argument Calendar

_____

GILMER JESUS UGAS-MORILLO,
ANTONELLA CRISTINA UGAS-ROJAS,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-860-131

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and LUCK, Circuit Judges.

PER CURIAM:

Gilmer Ugas-Morillo, a native of Venezuela, petitions on behalf of himself and his minor daughter for review of an order affirming the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(a), 1231(b)(3). The Board of Immigration Appeals affirmed that Ugas-Morillo was ineligible for asylum and withholding of removal because he failed to prove past persecution or a well-founded fear of future persecution. The Board also affirmed the denial of Ugas-Morillo's eligibility for relief under the Convention. We deny the petition.

We review the decision of the Board and the decision of the immigration judge to the extent that the Board expressly adopted or agreed with the immigration judge's decision. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021). We review factual findings for substantial evidence and must affirm if the findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (citation and internal quotation marks omitted). We may reverse "only if the record compels reversal, and the mere fact that the record may support a contrary

conclusion is insufficient to justify reversal." *Id.* (citation and internal quotation marks omitted).

Substantial evidence supports the finding that Ugas-Morillo failed to prove past persecution. Ugas-Morillo testified that he had been a member of the Justice First opposition party from 2014 until he left Venezuela in 2020. In 2018, he was detained by the Venezuelan police for participating in a demonstration but was not harmed. After creating a song for a campaign in 2020, he received death threats through phone calls and text messages from associates of the government of Nicolás Maduro. In one instance, they rode motorcycles past his house and threatened to kill him. Another time, members of the "colectivos" robbed and damaged his home and beat him. He sustained bruises and went to the hospital for x-rays. He continued to receive messages after moving to Columbia but did not receive any messages after moving to the United States.

Persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (citation and internal quotation marks omitted). Past persecution may be found absent serious physical injury when the petitioner proves repeated threats combined with other forms of serious mistreatment. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1009 (11th Cir. 2008) (holding that a petitioner established past persecution based on repeated death threats, two physical attacks, the murder of a family friend who would not communicate her whereabouts, and a

kidnapping attempt). Apart from verbal threats and text messages, Ugas-Morillo suffered a brief detention in 2018 and then, years later, a robbery and an attack requiring limited medical treatment for bruising. These threats in conjunction with a brief detention or minor physical attack are insufficient to compel a finding of persecution. *See, e.g., Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171, 1174 (11th Cir. 2008) (holding the petitioner had not established persecution when threatened, detained for 36 hours, and beaten by police officers resulting in scratches and bruises and a hospital stay); *Martinez v. U.S. Att'y Gen.*, 992 F.3d 1283, 1291–93 (11th Cir. 2021) (holding the petitioner had not established persecution after receiving death and torture threats, being detained multiple times, and being beaten until unconscious).

Ugas-Morillo's circumstance is distinguishable from *Diallo*, where a petitioner established past persecution based on a "credible death threat by a person who has the immediate ability to act on it." *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1333–34 (11th Cir. 2010). In *Diallo*, we held that an alien suffering a minor beating and being detained for 11 hours on its own was insufficient to constitute past persecution, but receiving a death threat from the soldiers detaining him after killing his brother constituted persecution. *See id.* In contrast, Ugas-Morillo received threats over the phone and had no knowledge of the perpetrators killing someone else so that a death threat was credible. The record does not compel reversal of the finding that Ugas-Morillo failed to prove past persecution.

Substantial evidence also supports the finding that Ugas-Morillo failed to prove a well-founded fear of future persecution. Absent past persecution, there is no rebuttable presumption of future persecution, and the petitioner has the burden of proving that his fear of future persecution is well-founded. 8 C.F.R. § 1208.13(b)(1). To establish a well-founded fear of future persecution, an applicant must prove that there is a reasonable possibility of suffering persecution if returned to his country. *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1200 (11th Cir. 2009). The fear must be subjectively genuine and objectively reasonable. *Id.* Ugas-Morillo was able to avoid text messages and phone calls by changing his phone number and was able to hide from the perpetrators for two months by moving to his aunt's house ten minutes away. Additionally, there is no evidence that anyone in Venezuela continues to have an interest in harming him, and family members living in Venezuela have not been threatened or reported anyone looking for him. The record does not compel reversal of the finding that Ugas-Morillo failed to prove an objectively reasonable fear of future persecution.

Ugas-Morillo is not entitled to relief. His failure to establish eligibility for asylum necessarily defeats his argument that he is otherwise eligible for withholding of removal. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009). And Ugas-Morillo has abandoned any argument concerning relief under the Convention. *See id.*

We **DENY** the petition for review.